Slip Op. 20-67

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| THE NATIONAL ASSOCIATION OF MANUFACTURERS,<br><br>                 Plaintiff,<br><br>THE BEER INSTITUTE,<br><br>                 Intervenor-Plaintiff<br><br>       v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY,<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION,<br><br>**STEVEN T. MNUCHIN**, in his official capacity as Secretary of the Treasury,<br><br>and<br><br>**JOHN SANDERS**, in his official capacity as Acting Commissioner of United States Customs and Border Protection,<br><br>                 Defendants. | Before: Jane A. Restani, Judge<br><br>Court No. 19-00053 |

## OPINION AND ORDER

[The motion to stay the court's judgment pending appeal is denied]

Dated: May 15, 2020

Peter D. Keisler, Virginia A. Seitz, Tobias S. Loss-Eaton, and Barbara G. Broussard, Sidley Austin, LLP, of Washington, D.C., Catherine E. Stetson and Susan M. Cook, Hogan Lovells US LLP, of Washington, D.C., Peter C. Tolsdorf and Leland P. Frost, Manufacturers' Center for Legal Action, of Washington, D.C., for Plaintiff The National Association of Manufacturers.

James E. Tysse, Lars-Erik A. Hjelm, Raymond P. Tolentino, Devin S. Sikes, and Jeffrey W. Kane, Akin, Gump, Strauss, Hauer & Feld LLP, of Washington, D.C., for Intervenor-Plaintiff The Beer Institute.

Justin R. Miller, Attorney-in-Charge, International Trade Field Office, National Courts Section, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y.,

and Alexander J. Vanderweide, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendants U.S. Department of the Treasury, U.S. Customs and Border Protection, Steven T. Mnuchin, and John Sanders.  With them on the brief were Joseph H. Hunt, Assistant Attorney General, Civil Division, U.S. Department of Justice, of Washington, D.C., David M. Morrell, Deputy Assistant Attorney General, Civil Division, U.S. Department of Justice, of Washington, D.C., Jeanne E. Davidson, Director, National Courts Section, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., Claudia Burke, Assistant Director, National Courts Section, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C.  Of counsel on the brief were Daniel J. Paisley, U.S. Department of the Treasury, of Washington, D.C., and Alexandra Khrebtukova, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, of New York, N.Y.

John M. Peterson, Richard F. O'Neill, and Patrick B. Klein, Neville Peterson, LLP, of New York, N.Y., for Amicus Curiae Customs Advisory Services, Inc.

Restani, Judge: In a recent opinion, the court held that certain regulations affecting duty drawback were inconsistent with the animating statute. See Nat'l Ass'n of Mfrs v. United States, 427 F. Supp. 3d 1362, Slip Op. 20-9 (CIT 2020) ("Slip Op 20-9"); see also Judgment, ECF No. 45 (Feb. 18, 2020). The government has appealed that decision to the Court of Appeals for the Federal Circuit. See Notice of Appeal, ECF No. 49 (April 17, 2020). The matter presently before the court is a motion by the government under USCIT Rule 62(e) to stay the court's judgment in this case pending appeal. Mot. for a Stay of the Enforcement of J. and Suspension of Drawback Claims Pending Appeal, ECF No. 50 (April 17, 2020) ("Gov. Mot."). The plaintiff, intervenor-plaintiff, and amicus curiae oppose the motion. Pl. and Intervenor-Pl.'s Joint Opp. To Def.s' Mot. for a Stay and Suspension of Drawback Claims Pending Appeal, ECF No. 52 (May 8, 2020) ("Pl. Opp."); Br. of Amicus Curiae, Customs Advisory Services, Inc. Opp. Def.s' Mot. to Stay Enforcement of J. and Suspension of Drawback Claims Pending Appeal, ECF No. 53 (May 8, 2020) ("CASI Br."). For the reasons stated below, the government has failed to demonstrate that a complete stay of the judgment is warranted. Thus, to preserve the status quo, the court denies the government's motion and instead will order suspension of liquidation of relevant

entries pending the resolution of the current appeal, as the finality of liquidation appears to be the main claim of harm by the government.

## I.   DISCUSSION

USCIT Rule 62(e) permits a court to stay the enforcement of a judgment pending an appeal taken by the government. See USCIT Rule 62(e).  A stay is not reflexively given as it is an "intrusion into the ordinary process of administration and judicial review." See Nken v. Holder, 556 U.S. 418, 428 (2009). A party seeking a stay bears the burden of showing that one is justified under the circumstances. Id. at 433–34. The court considers four factors in determining whether a stay is warranted:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Id. at 426 (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). Each is taken in turn.

### a. The Government will not likely Succeed on Appeal

Although a "substantial legal question," may be sufficient to show a likelihood of success on the merits, see E.I. DuPont De Nemours & Co. v. Phillips Petroleum Co., 835 F.2d 277, 278 (Fed. Cir. 1987), the government must still make a strong showing that a substantial legal question exists such that success on appeal is likely. See Nken, 556 U.S. at 434 (it is "not enough that the chance of success on the merits be 'better than negligible.'") (citation omitted).

The government's arguments for the likelihood of success on the merits are largely the same ones[1] this court considered and rejected. See Gov. Mot. at 10–15. As detailed in the court's

---

[1] The government mentions that the court did not directly address their passing argument regarding 19 U.S.C. §§ 1313(n) and (o). The government's argument is that use of "refunded, waived or reduced" in these subsections supports its understanding of "drawback." Defs. Mem. in Resp. to the Mots. for J. on the Agency R., at 11 ECF No. 30 (Aug. 28, 2019). As plaintiffs

opinion, the regulation unlawfully expands the understanding of "drawback," which results in obvious and irreconcilable statutory conflicts. See Slip Op. 20-9 at 9–13. The government's attempt to undermine the court's reasoning with the same arguments it made previously are no more persuasive now than they were then.[2] Much of the government's argument for its likelihood of success on appeal is predicated upon its faulty definition of "drawback." See id. For instance, the government argues that the court's decision perpetuates "untenable results" with regard to 19 U.S.C. § 1313(v) and that its reading gives that provision "no effect at all." Gov. Mot. at 14. This ignores that the court's opinion and judgment maintain the regulatory definition of drawback prior to the change at issue. See Slip Op. 20-9 at 9–10, 13; see also Judgment (invalidating the final sentence added to the definition of drawback). Section 1313(v) is not rendered meaningless by the court's opinion, it is simply given its prior meaning. The government makes no new argument in its motion that causes the court to doubt its prior determination that the promulgated regulations conflicted with the unambiguous text of the statute. Success on appeal appears remote.

Agencies cannot "override Congress' statutory command through regulatory means," as they attempt to do here. See Natural Res. Def. Council, Inc. v. Ross, 348 F. Supp. 3d 1306, 1312 (2018). That the issue presented is "a question of first impression," Gov. Mot. at 10, is

---

point out, however, this language is pulled from trade agreements and is concerned with, and only applies to customs duties on imports, not excise tax. Pl. Opp. at 7–8. Thus, these provisions do little, if anything, to further the government's position.

[2] The government overreads the court's opinion with regard to the "notwithstanding" clause of 19 U.S.C. § 1313(j)(2) in arguing that it could be read to nullify various provisions limiting drawback. See Gov. Mot. at 12–13. As 19 U.S.C. § 1313(j)(2) goes hand and hand with the calculation methodology of 19 U.S.C. § 1313(l) the court cannot discern how the court's decision regarding those sections would nullify totally unrelated and very specific restrictions on drawback.

insufficient to demonstrate a likelihood of success on appeal. The government has not made a strong showing that they will prevail on appeal.

### b. The Government will Not Suffer Irreparable Injury Absent a Stay

The government argues that absent a stay, it will be irreparably harmed if the court's judgment is overturned on appeal. Gov. Mot. at 4–7. The government expresses concern that entries will be deemed liquidated by operation of law during the appeals process, leaving the government without statutory recourse should its appeal succeed. Id.

As noted by the opposing parties, see Pl. Opp. at 11–17, it appears that any potential for irreparable harm to the government is avoided by a much narrower form of relief—suspension of liquidation. By suspending liquidation of the entries at issue, while simultaneously requiring the government to process fully-bonded claims for accelerated drawback, the court ensures that the government will be able to recoup any improperly issued drawback payments if it ultimately prevails on appeal. See 19 U.S.C. § 1504(a)(1); see also 19 C.F.R. § 190.92 (allowing for accelerated payment of drawback prior to liquidation, if a claimant furnishes sufficient bond); 19 C.F.R. § 191.92 (same).[3] With the ability to recover any improperly paid drawback funds, then the only apparent "harm" to the government is the administrative costs in issuing drawback. See 19 C.F.R. § 113.65 (b) (detailing the requirement to repay erroneous accelerated drawback payment determined at liquidation). But the scheme Congress established to allow accelerated

---

[3] Even in the absence of an order suspending liquidation, it is likely that the court would be able to reliquidate any improperly liquidated entries under its equitable powers. See Sumecht NA, Inc. v. United States, 923 F.3d 1340, 1347 (Fed. Cir. 2019). Likewise, the government, in certain situations that may be applicable here, see CASI Br. 9–10, is enabled to suspend liquidation on its own accord. See 19 U.S.C. § 1504(b). To avoid the potential for further litigation, however, the court will not rely on these potential avenues for relief. The government does not object to suspension of liquidation if a broader stay is not granted. See Teleconference, ECF No. 58 (May 14, 2020).

drawback and later recoupment if the claimant does not prevail necessarily involves administrative costs. Thus, the regulatory burden of processing accelerated payments that could, hypothetically, be found unlawful on appeal does not meet the standard for irreparable harm here as any harm is resultant from defendants' statutory and regulatory mandated obligations. See Philipp Bros., Inc. v. United States, 640 F. Supp. 261, 265 (CIT 1986).

    c. **A Stay of Judgment will Injure Other Parties**

The government incorrectly argues that opposing parties will face no substantial injury if a stay is granted. Gov. Mot. at 7–8. Not so. In contrast to the government's speculative claims of harm, granting a stay of judgment will cause opposing parties certain harm should this court's judgment be affirmed. As noted in this case, and in this court's previous opinion in Tabacos de Wilson v. United States, defendants have flouted their statutory obligations to promulgate regulations in a timely fashion, which has resulted in some drawback claims remaining unprocessed for years. Tabacos de Wilson v. United States, 324 F. Supp. 3d 1304, 1315 (CIT 2018) (holding that agency failed to meet the two-year legislative deadline to publish regulations to implement the Trade Facilitation and Trade Enforcement Act of 2015). This delay in passing the regulations has resulted in the delayed or nonpayment of drawback to claimants.[4]

To require the prevailing parties to continue to wait the time it takes to complete this appeal will cause them to lose the time value of money should they prevail, as drawback payments due not account for interest. See 19 C.F.R. § 190.22(a)(1)(ii). As plaintiffs and amicus curiae highlight, the delay in drawback payment might adversely impact the working capital of

---

[4] Further, the government informed the court that although judgment was entered in February, it believes it will take even more time to begin the process of paying drawback. See Gov. Status Report, ECF No. 55 (May 13, 2020). The court has directed the parties to consult on appropriate ways to move this matter forward. See Teleconference, ECF No. 58 (May 14, 2020).

claimants. See CASI Br. at 12–13; Pl. Opp. Exs. B, C (declarations describing the significant sums of money plaintiffs claim they are owed in drawback). Taking these financial impacts together, granting the government's motion would likely injure numerous drawback claimants, including those who are not presently before the court. At least here, where the court has already adjudicated the rights of the parties, the harm to claimants' working capital and other financial consequences weighs against a stay.

### d. The Public Interest Favors Denying a Stay

The government is correct that the public interest is served by the protection of the public fisc. See Gov. Mot. at 8–9; see also 19 U.S.C. § 1623. But the public interest is also served by the timely execution and adherence to our laws. See Kwo Lee, Inc. v. United States, 24 F. Supp. 3d 1322, 1332 (CIT 2014) (weighing Customs' "public interest in protecting the revenue of the United States," against the public interest in "accurate and effective, uniform and fair enforcement of trade laws.") (citations omitted). As noted above, the government is fully bonded when issuing accelerated drawback, so any harm to the public fisc is speculative at best. The government's contention that it would need to "undertake a massive regulatory overhaul," to implement the judgment is a bald statement unsupported by any proffered evidence. See Gov. Mot. at 8–9. Although processing claims certainly takes administrative effort, the ability to file and receive substitution drawback existed well before the invalidated regulations were enacted, and the court sees no reason why whatever systems the government had in place to process those claims before the passage of those regulations would be inadequate now. In these circumstances, the public interest is best served by allowing drawback claimants the benefit of the judgment.

## II. CONCLUSION

On balance, the government has failed to demonstrate that a stay pending appeal is warranted. The court holds that plaintiff and intervenor-plaintiffs' suggestion to suspend liquidation sufficiently allays any harm to the government. Accordingly, upon consideration of government's motion for a stay, all papers and proceedings in this action, and upon due deliberation, the government's motion for a stay is denied. A form of order suspending liquidation will issue after appropriate language is submitted by plaintiffs.

/s/Jane A. Restani
Jane A. Restani, Judge

Dated: May 15, 2020
New York, New York